FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

February 10, 2014

**Elisabeth A. Shumaker**
**Clerk of Court**

ASHLEY DIXON,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 13-5069
(D.C. No. 4:11-CV-00780-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

By all accounts, Ashley Dixon is a young woman who struggles with bipolar

disorder and borderline intellectual functioning. Five years ago, she filed an

application with the Social Security Administration for disability benefits. When the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agency denied her application, she requested review before an administrative law judge. The ALJ concluded that Ms. Dixon was not disabled within the meaning of the law. Though he conceded Ms. Dixon could only perform "simple, repetitive tasks" and have "no more than incidental contact with the public," he found that there were many jobs she could still perform in the national economy. After Ms. Dixon requested and was denied review by the agency's Appeals Council, she brought this lawsuit seeking review of the adverse agency decision in district court. In the end, the district court affirmed the agency's decision and this appeal followed.

Before this court, Ms. Dixon argues that the agency's disability determination should be reversed for two reasons. First, she challenges the ALJ's decision (affirmed by the Appeals Council) to assign little weight to the testimony of Dr. Chesnut, her treating physician. Second, she argues that the ALJ's failure to credit all of her testimony (again affirmed by the Appeals Council) was unjustified. Our review of these issues is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. *See Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

\*

As for Ms. Dixon's first claim, we cannot say, as we must to reverse, that the ALJ's decision to give little weight to Dr. Chesnut's testimony was itself unsupported by substantial evidence. Although Dr. Chesnut concluded that Ms. Dixon had "moderate to extreme limitations in several areas of mental functioning,"

her opinion was inconsistent with reports prepared by the agency consultative examiners and medical consultants, which found less severe limitations on her ability. The ALJ chose to assign minimal weight to this particular opinion for three reasons. First, the ALJ said, Dr. Chesnut's opinion was based largely on Ms. Dixon's own subjective reports. Second, Dr. Chesnut's prescribed course of treatment was "not . . . consistent with what one would expect if the claimant were truly disabled." Third, the ALJ found that Dr. Chesnut's opinion was inconsistent with the record as a whole.

Ms. Dixon suggests that the first of these reasons should be disregarded because the ALJ's statement that Dr. Chesnut improperly relied on Ms. Dixon's subjective self-reports was not supported by substantial evidence. We aren't so sure, but even disregarding this reason altogether, the ALJ's remaining two grounds for assigning minimal weight to Dr. Chesnut's opinion are by themselves sufficient to justify the ALJ's course and supported by substantial evidence.

As the ALJ explained, Dr. Chesnut's opinion suggesting that Ms. Dixon suffered from extreme limitations appears in some tension with the limited mental health treatment she prescribed. As the ALJ noted, "the treatment the claimant has received [from Dr. Chesnut] for the allegedly disabling impairments has been essentially routine and conservative in nature." To support this conclusion, the ALJ cited seven exhibits. These exhibits revealed that Ms. Dixon saw a therapist once or

twice a month; received monthly prescription refills; and worked with counselors to deal with anger management, sleep difficulties, and mood swings. Because the nature of this treatment was fairly conservative, the ALJ reasoned, Dr. Chesnut's conclusions of extreme disability were belied by the course of treatment she herself had prescribed.

The ALJ's other reason for assigning little weight to Dr. Chesnut's opinion — its inconsistency with the record as a whole — is also supported by substantial evidence. For example, the severe limitations described in Dr. Chesnut's testimony are inconsistent with at least some of Dr. Chesnut's own treatment notes. Dr. Chesnut's notes opine, by way of illustration, that "[i]t's difficult to know whether or not she is truly disabled but at this time *she does not appear disabled to me* but rather more of a Borderline Personality Disorder." (emphasis added). Dr. Chesnut's opinion also appears in tension with reports from *other* counselors who examined Ms. Dixon and noted that she was fully oriented, had an appropriate affect, a fair-to-good attention span, and was capable of linear thinking. In addition, Ms. Dixon's latest treatment records indicated that, although she had stopped taking some of her medications (due to her pregnancy), she "fe[lt] good. I haven't felt depressed or anxious. I feel better than I have in a long time." Finally, the ALJ stressed that Dr. Chesnut's opinion was inconsistent with the opinions of the Social Security

Administration's medical examiners, all of whom found fewer and less severe limitations on Ms. Dixon's ability to work.

*

Turning to Ms. Dixon's second claim, we find no merit in her contention that the ALJ committed reversible error when he declined to credit her testimony in full. While the ALJ did conclude that Ms. Dixon's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible, he supported this conclusion with a thorough discussion of the evidence.

As we have previously stated, "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). After all, the ALJ who hears the claimant's testimony "is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion." *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001). Nevertheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett*, 395 F.3d at 1173.

After careful examination of the record, it is clear that the ALJ's analysis of Ms. Dixon's credibility was supported by substantial evidence. When Ms. Dixon testified before the ALJ, she claimed that her daily activities were extremely limited

by her disabilities. But, as the ALJ's opinion explains, the bulk of the medical evidence presented suggested that Ms. Dixon was a relatively high-functioning individual. For example, Ms. Dixon received a "global assessment of functioning" score of 52, a result that suggests only moderate symptoms of impairment. In addition, Ms. Dixon herself admitted that she previously lived with her boyfriend, had a driver's license, and was able to clean, cook, and care for herself. In light of evidence along these lines and the record as a whole, we are unable to say that the ALJ's decision to discredit some of Ms. Dixon's statements, statements suggesting extreme impairment affecting her daily activities, was unsupported as a matter of law.

The judgment of the district court is affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge